UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Charles Maher, #301926<br><br>                              Petitioner,<br><br>     v.<br><br>Mr. Padula, Warden, South Carolina Dept. of Corr., et al.,<br><br>                              Respondents. | C/A No. 6:06-1925-GRA-WMC<br><br><br>ORDER<br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on May 18, 2007 and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Petitioner brought this *habeas* action seeking relief pursuant to Title 28, United States Code, Section 2254. On October 5, 2006, the respondents filed a motion for summary judgment. On October 6, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On November 22, 2006, the petitioner was granted an extension until December 15, 2006 to respond to the motion. Despite this extension and explanation, Petitioner elected not to respond to the motion.

In the magistrate's Report and Recommendation, the magistrate recommends dismissing this action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons stated herein, the recommendation of the

1

magistrate is adopted, and the case is DISMISSED.

Petitioner brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The petitioner has not filed objections to the Report and Recommendation.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation

is accepted and adopted in its entirety.

  IT IS THEREFORE ORDERED that this action be DISMISSED for lack of prosecution.

  IT IS SO ORDERED.

_____<br>
G. ROSS ANDERSON, JR.<br>
UNITED STATES DISTRICT JUDGE

June 25, 2007

Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.